■ The People of the State of New York, Appellant, v Angel Ruiz, Respondent.—Order, Supreme Court, New York County (Nicholas Figueroa, J.), entered March 22, 1990, which set aside a jury verdict convicting defendant of one count of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and dismissed the indictment, unanimously reversed, on the law, the verdict reinstated and the case remanded for sentence.

The facts of the case are simply stated. On October 24, 1989 around 2:15 P.M. two police officers were sitting in an unmarked rented police car on Avenue B between 12th and 13th Streets in Manhattan. At one point Detective Jacobs, one of the men sitting in the car, saw defendant conversing with three men across the street from the unmarked car. Thereafter defendant pointed to the car in which the officers were seated. The defendant approached the rented car, looked inside and then walked away, entering a store on East 13th Street.

An undercover police officer passed the store. As he did so, a co-defendant, Montemarano, yelled out "Bulldog," a street name for narcotics. The undercover officer asked for "two". The undercover was directed into the store where defendant was seated behind a plexiglass counter. The co-defendant went behind the counter and produced two glassine envelopes of heroin and gave them to the undercover in return for twenty dollars. Defendant then told Montemarano, "You know, let's close up for a little while. He is the last one. Getting too hot." The co-defendant replied, "Okay, Angel."

Shortly thereafter both defendant and the co-defendant were arrested. In the store the police found 88 glassine envelopes, 53 of them containing heroin and 35 containing cocaine. In addition $1,580 were found.

Both at the end of the People's case and at the end of the entire case, the court denied motions to dismiss on the grounds that the People had failed to prove the charges or any lesser included charge. After the jury returned a verdict of guilty, the court immediately set the verdict aside on the grounds that the conviction was based on "insufficient evidence" and the evidence was "inadequate as a matter of law."

Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish defendant's guilt of the charges and that the verdict is supported by the weight of the evidence. *(People v Bleakley,* 69 NY2d 490, 495 [1987].) Concur—Sullivan, J. P., Ellerin, Wallach, Ross and Smith, JJ.